STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

October 21, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RAYMOND DUNCAN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0868** (BOR Appeal No. 2048145)
                  (Claim No. 2011023592)

**BAYLOR MINING, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Raymond Duncan, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Baylor Mining, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2013, in which the Board affirmed a February 25, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 30, 2011, decision granting Mr. Duncan an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Duncan worked as a coal miner for Baylor Mining, Inc. On January 12, 2011, a boulder fell against Mr. Duncan's right side, injuring his pelvis and lower back. Mr. Duncan was treated at Raleigh General Hospital and diagnosed with a crush injury of several lumbar vertebrae. Mr. Duncan was also treated for urinary dysfunction related to the crush injury. The claims administrator held the claim compensable for a fracture of lumbar vertebrae and a sprain of the lumbar spine. Following this decision, Mr. Duncan was treated by Barry Vaught, M.D., who believed that he had a diffuse nerve injury to his pelvis. Dr. Vaught conducted an

1

electromyography (EMG) and a nerve conduction study which showed evidence of deep peroneal neuropathy. However, Dr. Vaught found that there was good continuity of the nerve supply, and he expected that Mr. Duncan would recover. Paul Bachwitt, M.D., then evaluated Mr. Duncan and found that he had reached his maximum degree of medical improvement related to the compensable injury. Dr. Bachwitt determined that Mr. Duncan had 15% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for his L3, L4, and L5 vertebrae fractures. Dr. Bachwitt also found that Mr. Duncan had 1% impairment for nerve sensory deficits. He then adjusted his impairment rating to 8% to fit within Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). On September 30, 2011, the claims administrator granted Mr. Duncan an 8% permanent partial disability award based on Dr. Bachwitt's recommendation. Dr. Vaught then performed another EMG of Mr. Duncan's lower extremities because he continued to experience pain in his right hip. The study revealed good continuity of the nerve supply and interval improvement in the nerves affected by the compensable injury. Robert B. Walker, M.D., evaluated Mr. Duncan and determined that he had 13% whole person impairment for his vertebrae fractures under the American Medical Association's *Guides* and Lumbar Category III of West Virginia Code of State Rules § 85-20-C. Dr. Walker also found that Mr. Duncan had 9% impairment for station and gait problems as well as 5% impairment for urinary bladder dysfunction. Dr. Walker combined these impairment ratings and determined that Mr. Duncan had 25% whole person impairment related to the compensable injury. Prasadarao B. Mukkamala, M.D., also evaluated Mr. Duncan. He determined that Mr. Duncan had 8% whole person impairment related to his three vertebrae fractures under the American Medical Association's *Guides* and Lumbar Category II of West Virginia Code of State Rules § 85-20-C. On February 25, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on August 5, 2013, leading Mr. Duncan to appeal.

The Office of Judges concluded that Mr. Duncan was entitled to an 8% permanent partial disability award related to the January 12, 2011, compensable injury. In reaching this determination, the Office of Judges relied on the evaluations of Dr. Bachwitt and Dr. Mukkamala. The Office of Judges also considered the evaluation of Dr. Walker, but it found that Dr. Walker's recommendation of a higher impairment rating to account for Mr. Duncan's station and gait problems as well as his urinary dysfunction was not supported by the record. The Office of Judges determined that there was no evidence that Mr. Duncan continued to experience any disability related to station and gait problems or urinary dysfunction symptoms. The Office of Judges also pointed out that both Dr. Bachwitt and Dr. Mukkamala found that Mr. Duncan's gait was normal. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Duncan has not demonstrated that he is entitled to any greater than an 8% permanent partial disability award related to his January 12, 2011, injury. Dr. Bachwitt and Dr. Mukkamala adequately evaluated the compensable conditions of the claim under the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-C. The Office of Judges was justified in basing Mr. Duncan's permanent partial disability award on their evaluations. The Office of Judges also provided a sufficient rationale for not relying on Dr. Walker's opinion. The

2

evidence in the record does not support Dr. Walker's significantly higher impairment recommendation. Although Mr. Duncan had problems walking and symptoms of urinary dysfunction immediately after the date of the compensable injury, there is no evidence in the record that he continues to suffer from these disabilities. The evidence of temporary gait and urinary problems, which are apparent in the record, are not sufficient to justify Dr. Walker's finding of additional permanent impairment. The inconsistency of Dr. Walker's recommendation with the medical evidence in the record sufficiently undermined his credibility.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 21, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3